**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 26-40061** |
| | § | |
| **PPF GIN & WAREHOUSE, LLC, *et al.*,**[1] | § | **Chapter 11** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

| | | |
|---|---|---|
| | § | |
| **PPF GIN & WAREHOUSE, LLC, *et al.*,** | § | |
| | § | |
| **Plaintiffs,** | § | **Adversary No. 26-04060** |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS FARM CREDIT SERVICES, FLCA,** | § | |
| | § | |
| **Defendant.** | § | |

**DEBTORS' MOTION FOR PRELIMINARY INJUNCTION TEMPORARILY ENJOINING TEXAS FARM CREDIT FROM PROSECUTING OVERLAPPING DISTRICT-COURT COUNTERCLAIMS**

**TO THE HONORABLE BRENDA T. RHOADES**
**UNITED STATES BANKRUPTCY JUDGE:**

PPF Gin & Warehouse, LLC, PPF Farms, LLC, and Pilgrim Land Management, LLC (collectively, the "Debtors"), as debtors and debtors-in-possession, move under 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 7065 for a narrowly tailored preliminary injunction temporarily restraining Texas Farm Credit Services, FLCA ("Texas Farm Credit") from affirmatively prosecuting the merits of its July 10, 2026 counterclaims in Civil Action No. 4:26-cv-00006-JDK. The Debtors will support this Motion with the First Supplemental Complaint, a declaration of Patrick Wayne Pilgrim, current sale-process evidence, the record in the bankruptcy

[1] The Debtors (including the last four digits of their respective taxpayer identification numbers) are: PPF Gin & Warehouse, LLC (7522); PPF Farms, LLC (3532); and Pilgrim Land Management, LLC (4139). They are all headquartered and operated from 700 FM 1335, Cooper, Texas 75432.

cases and adversary proceeding, and exhibits filed before or offered at the hearing. Filing this Motion does not itself toll any District Court deadline, and the district plaintiffs and counter-defendants will continue to comply with Judge Kernodle's orders unless and until applicable relief is entered.

## PRELIMINARY STATEMENT

1. This Motion does not ask the Court to declare that the automatic stay protects Patrick or Anne Pilgrim. They are nondebtors, and Texas Farm Credit pleaded its counterclaims solely against them as alleged co-makers. The Debtors instead request affirmative, temporary relief under § 105(a) and Rule 7065. The requested relief does not depend on a standalone private cause of action under the Farm Credit Act and does not ask this Court to reconsider the District Court's January 5, 2026, ruling.

2. The Debtors also do not ask the Court to punish Texas Farm Credit for preserving a Rule 13 counterclaim. The problem is sequencing and active prosecution. Texas Farm Credit placed the same $9.297 million debt before this Court through Proof of Claim No. 18-1, and the Debtors challenged that claim, and the underlying lender conduct in this adversary. Texas Farm Credit then sought a parallel merits judgment on the same Notes in a district action that was substantively inactive after denial of the temporary restraining order but is now subject to active Rule 16 and Rule 26 scheduling.

3. The requested order preserves both forums. Texas Farm Credit's counterclaims remain filed. It may comply with Judge Kernodle's orders, file status notices, seek a stay or referral, defend against permitted filings, preserve rights, and negotiate. What it may not do for 120 days is use merits discovery, dispositive motion practice, trial, default, or judgment enforcement to obtain first rulings on debt predicates central to claim allowance, sale proceeds, and plan

formulation here. Alternatively, the Court may impose a 60- or 90-day term or limit relief to merits discovery, dispositive motions, trial, default, and judgment enforcement.

4. This is the limited type of temporary relief contemplated by *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746 (5th Cir. 1995), provided the Court has bankruptcy jurisdiction, proceeds through an adversary proceeding, and makes rigorous Rule 65 findings. The Debtors seek no release, discharge, or permanent injunction and have followed the required procedure by seeking leave to file a supplemental complaint and requesting an evidentiary hearing.

## FACTUAL BACKGROUND

### A. Texas Farm Credit's claim and the existing adversary.

5. Texas Farm Credit's own District Counterclaim identifies PPF Gin, Patrick Pilgrim, and Anne Pilgrim as makers of two cross-collateralized Notes, Loan Nos. 958996 and 5591160. The identified loan documents show PLM as a grantor of material real-property collateral under the 2020 deed of trust, not as a maker of either Note, and do not identify PPF Farms as a maker or grantor. Texas Farm Credit filed Proof of Claim No. 18-1 asserting a consolidated secured claim of not less than $9,297,516.53, plus postpetition interest, fees, costs, and other amounts. Joint administration has not substantively consolidated the Debtors' estates.

6. The Third Amended Complaint was filed on June 26, 2026. It alleges a multi-year course of lender conduct and includes claims for borrower-protective restructuring duties, breach of contract, promissory estoppel, negligence and gross negligence, tortious interference, objection to Texas Farm Credit's proof of claim, equitable subordination, declaratory relief and exemplary damages.

7. Claim allowance and lien treatment are not collateral issues. They determine how much Texas Farm Credit may receive from PLM sale proceeds, whether portions of its claim are disallowed or subordinated, and how the Debtors can formulate a confirmable plan.

**B. The District Action was substantively inactive after the TRO ruling but is now under active scheduling.**

8. Before the bankruptcy cases, PLM, PPF Gin, Patrick Pilgrim and Anne Pilgrim filed Civil Action No. 4:26-cv-00006-JDK in the Eastern District of Texas to seek emergency and declaratory relief concerning a scheduled foreclosure. The District Court denied the temporary restraining order on January 5, 2026.

9. After the Debtors filed Chapter 11, the parties' active dispute shifted to this Court. On April 20, 2026, Judge Kernodle directed the parties to file dismissal papers or a status report by May 4, 2026. District counsel later explained in a sworn filing that he treated the action as dormant in light of the automatic stay and understood the active dispute to have shifted to the bankruptcy proceedings. On August 3, 2026, however, the District Court entered an Order Governing Proceedings that reactivated the case for Rule 16 and Rule 26 scheduling.

10. The Debtors do not overstate that history. The district plaintiffs chose the forum first, and their emergency theories were unsuccessful. The District Court also held that the Farm Credit Act does not provide borrowers a private cause of action. By July, however, no party had actively litigated the merits after the January TRO ruling, and the next substantive merits pleading was Texas Farm Credit's counterclaim. The present Motion protects bankruptcy administration and does not collaterally attack the January 5 order.

**C. Texas Farm Credit filed overlapping counterclaims after the bankruptcy dispute was underway.**

11. On July 10, 2026, Texas Farm Credit filed counterclaims against Patrick and Anne Pilgrim individually. Texas Farm Credit pleaded that the counterclaims arise from the same loan transactions as the district complaint and are compulsory under Rule 13(a), or alternatively permissive under Rule 13(b).

12. Count I seeks judgment on the two notes for not less than $9,297,516.53 as of May 4, 2026 - the same minimum amount asserted in Proof of Claim No. 18-1 - plus contractual and default interest, fees, costs and collection expenses. Count II seeks attorneys' fees and expenses.

13. Texas Farm Credit also invokes the notes' jury waivers and pleads setoff, recoupment, res judicata and collateral estoppel. The District Counterclaims therefore necessarily ask the District Court to determine default, acceleration, enforceability, amount due, interest, fees and related defenses that overlap with claim allowance and the adversary.

14. By order entered August 6, 2026, the District Court extended the Pilgrims' deadline to answer or otherwise respond through August 13, 2026. The August 3 Order Governing Proceedings requires a Rule 26(f) conference by August 17, 2026, a Joint Report by August 24, 2026, and a telephonic Rule 16 conference on September 4, 2026, at 10:00 a.m. Without relief, active case management and merits discovery may begin before this Court adjudicates Proof of Claim No. 18-1 and the overlapping adversary claims.

**D. A defined injunction is necessary to protect a concrete sale-and-plan process.**

15. PPF Gin continues to operate a cotton gin. PLM owns approximately 2,600 acres of remaining land, homes and improvements that the Debtors are marketing through Court-approved real-estate professionals. The Debtors currently estimate the property's value at approximately $21 million, subject to market testing and Court approval.

16. The Debtors' current reorganization strategy is to complete an orderly, Court-approved sale of PLM property; preserve proceeds pending resolution of Texas Farm Credit and Nutrien claims; use operating income, litigation recoveries and, if required, later PPF Gin sale proceeds; and propose a plan paying allowed claims in full over the applicable term.

17. Concrete near-term milestones include continued broker-led marketing and buyer outreach; assembly and delivery of diligence materials; review of any bona fide offers received; preparation and filing of a sale motion if an acceptable transaction is reached; resolution or reservation of the Texas Farm Credit and Nutrien claims; and plan development. The Debtors' application to employ Davidson Bogel Real Estate, LLC [Dkt. No. 115] describes the contemplated marketing, buyer-qualification, diligence, and closing-assistance services. Any sale still requires separate notice, hearing, and Court approval. The hearing evidence will address the marketing activity and dates current as of the hearing.

18. Patrick Pilgrim and the Debtors' professionals must devote concentrated attention to marketing, due diligence, negotiations, Court approval, cash management, claim reconciliation, and plan development. The District Court's Rule 26 process may require overlapping debt-accounting discovery, document production, depositions, expert work, and motion practice. The Debtors do not rely on management distraction alone; they rely on the concrete effect of competing debt adjudications and duplicative discovery on sale timing, claim reserves, estate expense, and plan feasibility.

## JURISDICTION AND LEGAL STANDARD

19. The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157 and the District's standing order of reference. The requested relief concerns allowance and treatment of Texas Farm Credit's claim against PPF Gin, administration and sale of PLM estate property pledged to secure

the asserted indebtedness, preservation and allocation of sale proceeds, and the coordinated plan process. Jurisdiction does not rest on joint administration or factual overlap alone.

20. Section 105(a) permits the Court to issue orders necessary or appropriate to carry out provisions of the Bankruptcy Code, but it does not independently create jurisdiction, authorize a nondebtor discharge, or permit relief inconsistent with another Code provision. Rule 7065 applies Civil Rule 65 in this adversary proceeding and permits the Court, on application of a debtor or debtor-in-possession, to issue relief without requiring compliance with Civil Rule 65(c).

21. *Zale* recognizes that the impropriety of a permanent nondebtor injunction does not necessarily foreclose temporary relief. Unusual circumstances may exist when (1) the debtor and nondebtor have an identity of interests such that the third-party suit is essentially against the debtor, or (2) the third-party action will adversely affect the debtor's ability to reorganize. 62 F.3d at 761-62. The existence of subject-matter jurisdiction and the propriety of injunctive relief remain distinct inquiries.

22. Zale requires an adversary proceeding and findings that: (1) the movant has a substantial likelihood of success on the merits; (2) irreparable injury is substantially threatened; (3) the threatened injury outweighs harm from the injunction; and (4) the injunction will not disserve the public interest. Id. at 762-65.

23. *In re Genesis Healthcare, Inc.* underscores that a temporary restraint affecting nondebtor litigation must comply with *Zale*, be supported by evidence of a concrete effect on bankruptcy administration, account for the burden on the restrained party, and be narrowly tailored in scope and duration. *In re Genesis Healthcare, Inc.*, No. 3:25-CV-2963-B, 2026 WL 1194759, at *6-9 (N.D. Tex. May 1, 2026). General assertions of management distraction or indirect pressure, standing alone, do not establish the concrete bankruptcy nexus and irreparable injury necessary for

the requested relief. The Debtors instead rely on the asserted effects of parallel merits adjudication and duplicative debt-accounting discovery on allowance of Texas Farm Credit's claim, PLM sale-proceeds reserves, estate expense, and plan formulation. See *United States v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.)*, 316 F.3d 542, 547-50 (5th Cir. 2002) (bankruptcy jurisdiction over litigation involving nondebtors requires a genuine "related to" effect on the estate). The temporary procedural relief requested here does not resemble the nonconsensual third-party releases disapproved in *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 227 (2024), and *Highland Capital Management Fund Advisors, L.P. v. Highland Capital Management, L.P. (In re Highland Capital Management, L.P.)*, 132 F.4th 353 (5th Cir. 2025).

## ARGUMENT

### A. Unusual circumstances exist because active prosecution would adversely affect claim allowance, the PLM sale, and reorganization—not because the proceedings merely overlap.

24. The stronger ground is adverse impact on reorganization. The District Counterclaims seek a merits judgment on the debt that Texas Farm Credit asks this Court to allow and pay or reserve for from estate collateral. Parallel adjudication can affect sale proceeds, claim reserves, plan classification and treatment, feasibility, settlement leverage, administrative expense, and the timing of the bankruptcy cases.

25. The relevant interests are functionally intertwined but not identical. PPF Gin, Patrick, and Anne are alleged co-makers; PLM pledged material collateral and expects its Court-supervised sale proceeds to fund or reserve for treatment of Texas Farm Credit's allowed claim; and PPF Farms participates in the coordinated plan process. A judgment against the individual co-makers would not automatically bind the estates, but Texas Farm Credit could attempt to use

overlapping findings, admissions, and debt calculations as preclusive, evidentiary, or practically controlling in the bankruptcy cases.

26. Texas Farm Credit may respond that it limited the counterclaims to nondebtors and expressly reserved estate remedies. That pleading choice avoids a direct automatic-stay theory, but it does not eliminate the conceivable and concrete effect of litigating default, acceleration, amount, interest, and fees while those same matters are embedded in Proof of Claim No. 18-1, PLM sale-proceeds reserves, and the adversary proceeding.

27. The requested injunction does not erase Texas Farm Credit's Rule 13 preservation. It holds affirmative merits prosecution in abeyance for a defined period while allowing preservation, defensive, compliance, and settlement activity so this Court can advance the integrated sale, claim, and plan process.

**B. The Debtors have a substantial likelihood of success on concrete bankruptcy objectives.**

28. The relevant merits question is not whether this Court is likely to grant an injunction. Genesis rejects that circular formulation. The concrete objectives protected here are advancing a Court-supervised PLM land sale, preserving sale proceeds, adjudicating Texas Farm Credit's allowed claim, establishing an appropriate claim reserve, and proposing a feasible plan. Those objectives do not depend on a standalone private cause of action under the Farm Credit Act.

29. The Debtors filed and prosecuted their application to employ real-estate professionals [Dkt. No. 115] and are pursuing the Court-supervised marketing process reflected in the bankruptcy record. Evidence at the hearing will address current marketing activity, the value and condition of the remaining property, anticipated proceeds and reserves, available plan-funding sources, and the specific sale-and-plan tasks requiring management attention. That evidence will

permit the Court to determine whether the identified objectives are achievable during the requested period.

30. The injunction does not require the Court to predict final victory on every lender-liability count or to recognize a private Farm Credit Act remedy. It protects the orderly bankruptcy process by which the Court will determine claim allowance, asset value, sale proceeds, and plan treatment.

**C. Active parallel prosecution creates a substantial threat of irreparable injury.**

31. The threatened harm is not merely the expense of two lawsuits. Texas Farm Credit seeks rulings on default, acceleration, debt amount, interest, and fees that it could attempt to use in the claim-allowance and sale-reserve process. Once inconsistent debt findings, asserted preclusion, or changed negotiating leverage disrupt the sale or plan process, the harm cannot be fully unwound by a later award of costs.

32. Parallel discovery also threatens inconsistent debt schedules and admissions, competing expert analyses, duplicative production and depositions, and increased administrative expense during a time-sensitive sale process. Those harms can delay marketing and Court approval, reduce value, increase administrative expenses and impair creditor recoveries.

33. By separate order entered August 6, 2026, the District Court extended the Pilgrims' deadline to answer or otherwise respond through August 13, 2026. The District Court's August 3, 2026 Order Governing Proceedings separately requires a Rule 26(f) conference by August 17, 2026, a Joint Report by August 24, 2026, and a telephonic Rule 16 conference on September 4, 2026. Those deadlines make the threatened parallel litigation concrete. The urgency is not the Pilgrims' answer deadline, because the proposed injunction expressly permits them to answer and defend.

**D. The balance of harms favors a narrow 120-day injunction.**

34. Texas Farm Credit will retain its filed counterclaims, all substantive claims, all defenses, and its full proof-of-claim rights. It may comply with District Court orders, file status notices, seek a stay, abeyance, referral, transfer, or modification, defend against permitted filings, participate in consensual discovery, and pursue settlement or mediation. The Debtors do not seek to prevent the Pilgrims from answering or defending.

35. The Debtor entities will reciprocally refrain from affirmative merits prosecution of their district claims during the injunction, except for preservation, compliance, docket-management, responsive, and settlement activity. Before the injunction becomes effective, Patrick and Anne Pilgrim will file a written undertaking that they will not affirmatively prosecute the merits of their district claims during the same period except for defensive, preservation, compliance, stay-related, and settlement activity. The undertaking supplies reciprocal fairness without purporting to enjoin nonparties.

36. A 120-day term, 90-day status report, and modification-for-cause provision directly address Genesis's concern about indefinite restraint. The Court may instead impose a 60- or 90-day term or an issue-limited stay of merits discovery, dispositive motions, trial, default, and judgment enforcement. Any extension would require notice, updated evidence, and new findings.

**E. The injunction serves the public interest.**

37. The public interest favors orderly administration of Chapter 11 estates, centralized determination of claims against estate property, conservation of judicial resources and consistent federal rulings.

38. Federal comity is respected because the proposed order binds Texas Farm Credit and persons covered by Rule 65(d)(2), not Judge Kernodle or the District Court. Within one

business day after entry, the Debtors—not Texas Farm Credit—will file a notice in the District Action attaching the order and will request whatever docket treatment Judge Kernodle determines appropriate. Filing this Motion does not itself toll or suspend the District Court's deadlines.

**F. No bond should be required.**

39. Bankruptcy Rule 7065 permits the Court, in its discretion, to waive Civil Rule 65(c) security for a debtor or debtor-in-possession. No security is warranted because the injunction preserves Texas Farm Credit's counterclaims, proof-of-claim rights, Notes, and liens; permits preservation, defensive, and settlement activity; has a fixed term; and does not permanently eliminate any collection right.

## REQUESTED SCOPE

40. The Debtors request entry of the separately submitted proposed order for 120 days or, alternatively, for a shorter or issue-limited period the Court finds sufficient. The order precisely defines prohibited merits prosecution and permitted preservation and defensive actions; imposes reciprocal limits on the Debtor entities; conditions effectiveness on Patrick and Anne Pilgrim's written undertaking; provides notice to the District Court, a 90-day status report, and automatic expiration; addresses security; and preserves all substantive claims, defenses, payment credits, one-satisfaction, setoff, recoupment, contribution, reimbursement, and subrogation rights.

## PRAYER

41. The Debtors respectfully request that the Court grant this Motion after notice and an evidentiary hearing; enter the proposed preliminary injunction for 120 days or a shorter or issue-limited period the Court finds sufficient; condition effectiveness on Patrick and Anne Pilgrim's written undertaking; waive security in the Court's discretion under Rule 7065; preserve all substantive rights; and grant all further relief to which the Debtors are entitled.

Dated: August 14, 2026.

Respectfully submitted,

*/s/ Brandon J. Tittle*
Brandon J. Tittle
Texas Bar No. 24090436
Manolo R. Santiago
Texas Bar No. 24129258
**TITTLE SANTIAGO, PLLC**
1125 Legacy Dr., Ste. 230
Frisco, Texas 75034
Telephone: 972.213.2316
Email: btittle@tittlesantiago.com
Email: msantiago@tittlesantiago.com

**COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I certify that on August 14, 2026, a true and correct copy of the foregoing was served on all counsel of record through the Court's CM/ECF system.

*/s/ Manolo R. Santiago*
Manolo R. Santiago